IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| MICHAEL F. ALEXANDER,<br><br>Plaintiff<br><br>vs.<br><br>ACCEPTANCE NOW, CAPITAL ONE, CAPITAL ONE AUTO FINANCE, FIRST PREMIER BANK, MIDLAND CREDIT MANAGEMENT, INC., U.S. BANK CORPORATION,<br><br>Defendants | 1:22-CV-00338-SPB<br><br>SUSAN PARADISE BAXTER<br>United States District Judge<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>Report and Recommendation on Defendants' Motion to Dismiss for Failure to Prosecute<br><br>ECF NO. 96 |

## I.  Recommendation

Plaintiff Michael F. Alexander ("Alexander") commenced this action against thirteen financial institutions: Acceptance Now, American Express, Bridgecrest Formerly Drivetime, Capital One, Capital One Auto Finance, Credence Resource Management, Enhanced Recovery Company, First Premier Bank, Midland Credit Management, Inc., Portfolio Recovery, TBOM/OLLD Car Services, Chex System, Inc., and U.S. Bank Corporation. Pending before the Court is one dispositive motion, a motion to dismiss for failure to prosecute on behalf of Capital One and Capital One Auto Finance (collectively, "Capital One Defendants"). For the reasons set forth in this Report, it is respectfully recommended that the motion be GRANTED and that the claims against the Capital One Defendants be dismissed due to Alexander's failure to prosecute.

## II. Report

### A. Relevant Procedural Posture

Alexander commenced this action in the Erie County Court of Common Pleas on September 11, 2022. Defendant Credence Resource Management, LLC ("Credence") removed this action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. The Complaint asserts eighty-one legal claims across the thirteen defendants. Only two legal claims relate to the Capital One Defendants. These claims allege that the Credit One Defendants falsely reported to credit reporting agencies Experian, Equifax, and TransUnion that account number 517805960501 belonging to Alexander had an outstanding balance of $345.00. ECF No. 1-1 at p. 13. Alexander filed an identity theft report with the credit reporting agencies asserting that he never had an account with Capital One, but the credit reporting agencies responded that the account had been verified. *Id*. Alexander claims that the Credit One Defendants violated the FCRA by continuing to report the inaccurate information to the credit reporting agencies.

All claims against Defendants U.S. Bank Corporation and Midland Credit Management, Inc. were dismissed with prejudice on June 29, 2022. ECF No. 74. Alexander and Defendant Bridgecrest Formerly Drivetime reached a settlement agreement February 13, 2023. ECF No. 33. All claims against Defendant American Express were dismissed without prejudice on January 18, 2024. ECF No. 92. The Court dismissed all claims against Defendant Portfolio Recovery with prejudice on March 1, 2024. ECF No. 98. Defendants Chex System, Inc. and TBOM/OLLD Card Services were terminated as a parties on June 5, 2024. ECF No. 102.

The Capital One Defendants filed their motion to dismiss for lack of prosecution (ECF No. 96) and a supporting brief (ECF No. 97) on March 6, 2024. Alexander was ordered to file a brief in opposition by April 8, 2024. ECF No. 99. He did not do so. Alexander was subsequently ordered to show cause for failure to respond by May 22, 2024. ECF No. 101. To date, Alexander has not

responded to the Capital One Defendants' motion or offered any explanation for his failure to do so.

### B. Standard of Review

Punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. *Somerville v. Finney*, 2021 WL 2941662, at *2 (W.D. Pa. July 13, 2021) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 2019 WL 1783540, at *3 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863,

3

870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

### C. Discussion

Under the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Since filing his Complaint over two years ago, Alexander has failed to take any steps to prosecute his claims beyond the pleading stage. As Alexander is proceeding pro se, he is solely responsible for his own conduct, including his failure to file responsive briefs, request extensions of deadlines, or acknowledge orders from the Court. *See, e.g., Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). As noted by the Capital One Defendants, "Plaintiff's lawsuit is based on a series of incidents, including investigations into Plaintiff's alleged disputes, which took place more three years ago. Since that time, memories may have faded and potential witnesses have undoubtedly moved away, as is the nature financial institutions. By failing to prosecute his claims in a timely manner, Plaintiff has prejudiced Capital One's ability to

adequately prepare a defense." ECF 96-2 at p. 10. Defendants' also note that "Plaintiff's delay imposes a financial burden on Capital One by forcing them to expend the costs and resources necessary to adequately defend a suit in which Plaintiff has clearly lost interest" *Id*. Finally, the Court notes that Plaintiff's "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendants from receiving a timely adjudication of their claims. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). This factor weighs strongly in favor of dismissal.

The third *Poulis* factor also supports dismissal. Alexander has failed to engage with the Court or take any steps to pursue his claims. Alexander filed a change of address on May 17, 2023. *See* ECF No. 66. However, Alexander has failed to pursue his lawsuit in any way since then. Alexander has disregarded four show cause orders from the Court directing him to engage in arbitration or respond to pending motions. This conduct is enough to establish a history of dilatoriness. *See Mack*, 2019 WL 1302626, at *2 ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Because Plaintiff did not respond to Defendants' motion, it is unclear whether his failure to comply with Court orders is the result of an intentional abandonment of his claims or simple neglect. Under such circumstances, the Court concludes that this factor is neutral.

The fifth factor addresses the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See, e.g., Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14,

5

2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. Congress passed the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).[3] *See* 15 U.S.C. § 1681(b). Under § 1681h(c) of the FRCA, consumer reporting agencies ("CRA") are required to provide trained personnel to explain to the consumer certain statutorily prescribed information. "[T]he burden is on [Alexander] to demonstrate that [ChexSystems'] personnel were insufficiently trained or accessible to satisfy § 1681h(c)." *Alexander v. Acceptance Now*, No. 1:22-CV-00338-SPB-RAL, 2024 WL 2852101, at *3 (W.D. Pa. Apr. 30, 2024); quoting *Gagliardi v. Equifax Info. Servs., LLC*, 2011 WL 337331, at *10 (W.D. Pa. Feb. 3, 2011). Although Alexander alleges that the Capital One Defendants inaccurately reported debts and that he notified Capital One, Experian, Equifax, and TransUnion that he disputed the debts and requested that it remove them from his credit report, he does not allege that he ever requested § 1681g information from Capital One or that Capital One denied his request for a trained individual to explain these documents to him. *See* ECF No. 1-1 at p. 14. Alexander's Complaint therefore fails to allege facts sufficient to state a claim against Capital One for violating § 1681h(c). Accordingly, this factor tilts in favor of dismissal.

On balance, the Court concludes that five of the six *Poulis* factors support dismissal, with the remaining factor being neutral. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

### III. Conclusion

For the reasons set forth above, it is respectfully recommended that the Capital one Defendants' motion to dismiss for failure to prosecute be GRANTED.

### IV. Notice Regarding Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. See Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Respectfully submitted this 1st day of October 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE